UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-152 (RHK/AJB)
Civ. No. 05-140 (RHK)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>JESUS FLORES-FLORES,<br><br>Defendant-Petitioner. | GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

Plaintiff, United States of America, appearing through its attorneys, Thomas B. Heffelfinger, United States Attorney, and Richard A. Newberry, Assistant United States Attorney, submits this memorandum in opposition to Defendant Jesus Flores-Flores' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

PROCEDURAL BACKGROUND

On August 16, 2002, defendant pled guilty to unlawful reentry after deportation in violation of 8 U.S.C. § 1326. On December 6, 2002, this Court sentenced defendant to 96 months to run concurrently to the state sentence imposed in Nobles County 53-K1-01-284, which he was actively serving. See Judgment in a Criminal Case at 2. Defendant's conviction became final ten days later, on December 17, 2002 because he did not file a direct appeal. Defendant also did not file an initial motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He had one year from December 17, 2002, to do so. See U.S. v. Flores-Flores, Cr. No. 01-152 (RHK/AJB), Criminal Docket.

On January 26, 2005, defendant moved this Court pursuant to §2255 to correct his sentence. Defendant claims that his sentence is illegal in light of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005), where the Court held that the Sixth Amendment right announced in Blakely v. Washington, 542 U.S. —, 124 S. Ct. 2531 (2004),[1] was applicable to the U.S. Sentencing Guidelines and declared unconstitutional the portions of the Guidelines which make them mandatory.

Defendant also claims that the Bureau of Prisons (BOP) refuses to honor this Court's order that his federal sentence is to run concurrent to the state sentence from Nobles County, by failing to award him jail credit for the period of August 22, 2001, through December 6, 2002 for time spent serving his state sentence. As explained below, defendant's motion should be denied.

## ARGUMENT

### I. DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE BOOKER DOES NOT APPLY RETROACTIVELY TO CASES ON COLLATERAL REVIEW

Given the Supreme Court's recent decision in Booker, defendant essentially claims constitutional error in his sentence because it was based on facts found by the district court and imposed under the mandatory Guidelines regime. Specifically, defendant complains that he received a more severe sentence than authorized under the

[1] Blakely and Booker are based on a line of cases starting with Jones v. United States, 526 U.S. 227 (1999), and continuing through Apprendi v. New Jersey, 530 U.S. 466 (2000) and Ring v. Arizona, 536 U.S. 584 (2002).

federal sentencing guidelines. He argues that the offense level for Illegal Reentry is 8, but that the trial judge increased his offense level to 21 based on relevant conduct and prior criminal convictions, which resulted in a higher guideline range in violation of his Sixth Amendment right under Booker. Defendant's § 2255 motion should be denied because the Supreme Court has not made Booker or Blakely v. Washington, 124 S. Ct. 2531 (2004) applicable retroactively to cases on collateral review.[2]

In Blakely, the Supreme Court held that the Sixth Amendment prohibits sentences greater than "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 124 S. Ct. at 2537 (emphasis in original). Recently, the Supreme Court, in Booker, held the federal guidelines' system of judge-found enhancements violated the Sixth Amendment as construed by Blakely. Booker, 125

---

[2] The Eighth Circuit has not yet directly addressed whether Blakely or Booker apply retroactively to cases on collateral review. Courts addressing the issue have all concluded neither Blakely nor Booker applies retroactively to cases on collateral review because the Supreme Court has not so directed. See Green v. United States, – F.3d – , 2005 WL 237204 (2d Cir. Feb. 2, 2005) (neither Blakely nor Booker applies retroactively to cases on collateral review); In re Anderson, – F.3d –, 2005 WL 123923, *3 (11th Cir. Jan. 21, 2005) (same); McReynolds v. United States, – F.3d –, 2005 WL 237642, *1 (7th Cir. Feb. 2, 2005) (Booker does not apply retroactively to cases on collateral review); Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004)(Blakely not applicable to second or successive cases on collateral review); Cook v. United States, 386 F.3d 949 (9th Cir. 2004) (same); Cuevas v. Derosa, 386 F.3d 367 (1st Cir. 2004) (same); Leonard v. United States, 383 F.3d 1146 (10th Cir. 2004)(same).

S. Ct. at 749-50. To remove this Sixth Amendment impediment, the Supreme Court excised Title 18, United States Code, Section 3553(b)(1), the provision of the Sentencing Reform Act that had made the Guidelines mandatory. Id. at 756-57. In so doing, the Supreme Court thereby rendered the Guidelines effectively advisory.

Here, defendant's conviction became final on December 17, 2002, well before the issuance of Blakely (on June 24, 2004) and Booker (on January 12, 2005). The Supreme Court has long held its new constitutional decisions are not necessarily applicable to proceedings that had been completed when the new decisions were rendered. See Allen v. Hardy, 478 U.S. 255 (1986) (jury selection rule of Batson v. Kentucky, 476 U.S. 79 (1986), not applicable to cases on collateral review); Solem v. Stumes, 465 U.S. 638 (1984)(custodial interrogation rule of Edwards v. Arizona, 451 U.S. 477 (1981), not applicable to cases on collateral review); Michigan v. Payne, 412 U.S. 47 (1973)(prophylactic sentencing rule of North Carolina v. Pearce, 395 U.S. 711 (1969), not retroactive); Halliday v. United States, 394 U.S. 831 (1969)(guilty plea acceptance rule of McCarthy v. United States, 394 U.S. 459 (1969), not retroactive); Stovall v. Denno, 388 U.S. 293 (1967)(identification procedure decisions of United States v. Wade, 388 U.S. 218 (1967), and Gilbert v. California, 388 U.S. 263 (1967), not retroactive); Johnson v. New Jersey, 384 U.S. 719 (1966)(interrogation rules of Escobedo v. Illinois, 378 U.S. 478 (1964), and Miranda v. Arizona,

384 U.S. 436 (1966), not retroactive); Tehan v. Shott, 382 U.S. 406 (1966) (Griffin v. California, 380 U.S. 609 (1965), rule against commenting on defendant's failure to testify not retroactive); Linkletter v. Walker, 381 U.S. 618 (1965)(exclusionary rule of Mapp v. Ohio, 367 U.S. 643 (1961), not retroactive).

Whether Blakely and Booker constitute new rules of constitutional law, the Supreme Court did not announce, as required by section 2255, they should be retroactively applied to cases on collateral review. See Booker, 125 S. Ct. at 769; Blakely, 124 S. Ct. 2531. In fact, Booker noted its holdings applied to "all cases on direct review," but made no explicit statement of its retroactive application to collateral cases. Booker, 125 S. Ct. at 769. Similarly, in Schriro v. Summerlin, 124 S. Ct. 2519 (2004), an opinion issued on the same date as Blakely, the Supreme Court strongly implied that Blakely is not to be applied retroactively. Summerlin held Ring v. Arizona, 536 U.S. 584 (2002), which extended the application of Apprendi v. New Jersey, 530 U.S. 466 (2000), to facts increasing a defendant's sentence from life imprisonment to death, did not have retroactive application to cases on collateral review. 124 S. Ct. at 2526; see also Blakely, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting)(recognizing the Court's holding in Summerlin "that Ring (and *a fortiori* Apprendi) does not apply retroactively on habeas review").

Even if the present application is construed as one for an initial section 2255 petition, it would be barred by Teague v. Lane, 489 U.S. 288 (1989) and United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002). Booker constitutes a "new constitutional rule of criminal procedure" which, under Teague, is not retroactively applicable to cases that became final before the decision was announced.[3] In Teague, the Supreme Court held only "watershed" procedural rules, defined as those "without which the likelihood of an accurate conviction is seriously diminished," apply to sentences that have become final after direct appeal. Id. at 313.

Although the Supreme Court has not explicitly addressed whether Blakely or Booker is a watershed procedural rule, the Court considered a similar issue in Schriro v. Summerlin, 124 S. Ct. 2519 (2004). In Summerlin, the Court considered whether the rule announced in Ring v. Arizona, 536 U.S. 584, 602 (2002), applied retroactively to cases on collateral review. Like Blakely, Ring

---

[3] In her dissenting opinion in Blakely, Justice O'Connor opined Blakely might be viewed as merely an application of the rule announced in Apprendi so that "all criminal sentences imposed under the federal . . . guidelines since Apprendi . . . arguably remain open to collateral attack." 124 S. Ct. at 2549. However, the Supreme Court has defined a "new rule" under Teague as one that was not "'dictated by precedent existing at the time the defendant's conviction became final.'" Graham v. Collins, 506 U.S. 461, 467 (1993) (quoting Teague, 489 U.S. at 301 (emphasis in Teague)). Subsequent decisions have clarified a rule may be "new" although earlier cases supported it, Sawyer v. Smith, 497 U.S. 227, 236 (1990), "or even control or govern" it, Saffle v. Parks, 494 U.S. 484, 491 (1990).

applied Apprendi to a state's sentencing scheme. In Ring, the Supreme Court struck down an Arizona law permitting a judge, rather than a jury, to find the existence of certain aggravating factors warranting imposition of the death penalty. Id. at 609. The Ninth Circuit Court of Appeals subsequently concluded Ring had announced a substantive rule or, in the alternative, a watershed procedural rule, and applied Ring retroactively to a case on collateral review. Summerlin v. Stewart, 341 F.3d 1082, 1121 (9th Cir. 2003).

The Supreme Court, however, rejected the Ninth Circuit's reading of Ring as it was not a substantive rule altering the range of conduct subject to Arizona's death penalty. Summerlin, 124 S. Ct. at 2523. The Court then held Ring did not announce a watershed procedural rule because it was implausible to believe that "judicial factfinding so seriously diminishes accuracy as to produce an impermissibly large risk of injustice." Id. at 2525 (emphasis in original) (internal quotation marks omitted). Therefore, Ring promulgated only a procedural rule that should not be applied retroactively to cases on collateral view. Id. at 2526.

The decision in Booker, like Ring, was based on an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000)[4]:

[4] Under Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum," whether the statute calls it an element or a sentencing factor, "must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

> In Blakely v. Washington, we dealt with a determinate sentencing scheme similar to the Federal Sentencing Guidelines. . . . For reasons explained in Jones, Apprendi, and Ring, the requirements of the Sixth Amendment were clear. The application of Washington's sentencing scheme violated the defendant's right to have the jury find the existence of " 'any particular fact' " that the law makes essential to his punishment. That right is implicated whenever a judge seeks to impose a sentence that is not solely based on "facts reflected in the jury verdict or admitted by the defendant."

Booker, 125 S. Ct. at 749; see also In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (reasoning Blakely and Booker are extensions of Apprendi and are similarly inapplicable to cases already final on direct review). The Eighth Circuit, in accordance with every other court of appeals, has previously held Apprendi did not announce a watershed procedural rule retroactively applicable to cases on collateral review. United States v. Moss, 252 F.3d 993, 997-1001 (8th Cir. 2001); Sepulveda v. United States, 330 F.3d 55 (1st Cir. 2003); Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003); United States v. Sanders, 247 F.3d 139 (4th Cir. 2001); United States v. Brown, 305 F.3d 304 (5th Cir. 2002); Goode v. United States, 305 F.3d 378 (6th Cir. 2002); Curtis v. United States, 294 F.3d 841 (7th Cir. 2002); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002); United States v. Mora, 293 F.3d 1213 (10th Cir. 2002); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001).

Moreover, courts of appeals having considered the issue have concluded neither Booker nor Blakely announced a watershed

procedural rule retroactively applicable to cases on collateral review. As succinctly addressed by the Seventh Circuit:

> Booker does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process.

McReynolds v. United States, – F.3d –, 2005 WL 237642, *2 (7th Cir. Feb. 2, 2005); see also Humphress v. United States, – F.3d –, 2005 WL 433191 (6th Cir. Feb. 25, 2005); United States v. Lucero, 2005 WL 388731 (10th Cir. Feb. 18, 2005); Varela v. United States, – F.3d –, 2005 WL 367095 (11th Cir. Feb. 17, 2005).

This Circuit's retroactivity analysis of Apprendi is dispositive of its retroactivity analysis of Blakely and Booker. As the Court emphasized in Moss, the prototypical example of a watershed ruling is the "sweeping rule" announced in Gideon v. Wainwright, 372 U.S. 335 (1963), requiring counsel be provided in all criminal trials for serious offenses. 252 F.3d at 998. Moss reasoned Apprendi did "not fall within the same vein as Gideon's pronouncement that one who is unable to afford a lawyer *cannot* be assured a fair trial unless counsel is provided for him." 252 F.3d at 998 (emphasis in original) (internal citations omitted). The

Eighth Circuit concluded:

> we do not believe Apprendi's rule recharacterizing certain facts as offense elements that were previously thought to be sentencing factors resides anywhere near that central core of fundamental rules that are absolutely necessary to insure a fair trial.

Id. Accordingly, this Court should follow Moss to hold Blakely/Booker are simply clarifications of Apprendi, and are unavailable to defendant on collateral review because his conviction became final long before Blakely was decided on June 24, 2004, and Booker, on January 12, 2005.

**II. THIS COURT DOES NOT HAVE JURISDICTION TO HEAR DEFENDANT'S COMPLAINT CONCERNING BOP'S EXECUTION OF HIS SENTENCE**

Defendant contends that the Bureau of Prisons is not operating his federal sentence (as commanded by this Court) concurrent with his state sentence. He claims that he was arrested on April 24, 2001 by the state of Minnesota authorities and has been in custody ever since that date. However, he argues that BOP is only awarding him jail credit for 112 days, from May 3, 2001, through August 22, 2001, and that he should receive credit from August 22, 2001, through December 6, 2002.

Claims challenging the execution of a sentence or the length or duration of confinement are properly filed under 28 U.S.C. § 2241. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). A motion under 28 U.S.C. § 2255 may only be used to challenge the legality of the imposition of a sentence, not the manner in which the

sentence is executed. Matheny, at 711; Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). Defendant's claim pertains to the manner in which BOP is executing his sentence, and cannot be raised and decided in motion filed in his underlying criminal case. See United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987) (federal prisoner's motion challenging the "manner in which his sentence was being executed" could not be entertained by the district court that sentenced him).

The proper venue for defendant's claim concerning BOP's computation of jail credit and the concurrent execution of his federal sentence is in the district of incarceration, not the district of conviction. See Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."); Vasquez v. Reno, 233 F.3d 688, 690-91 (1st Cir. 2000). The defendant is incarcerated at Federal Correctional Institution, Beaumont, Texas, and therefore, the proper venue is in the Eastern District of Texas after he has properly exhausted his available administrative remedies with BOP.

**CONCLUSION**

For the foregoing reasons, defendant's § 2255 motion seeking relief from his sentence under Booker should be denied; and defendant's jail credit claim should be dismissed without prejudice so that he may pursue his grievance with BOP.

Respectfully submitted,

Dated: March 3, 2005.

THOMAS B. HEFFELFINGER
United States Attorney

s/ Richard Newberry
BY: RICHARD NEWBERRY
Assistant U.S. Attorney
Attorney I.D. No. 164756