**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| JESUS FLORES-FLORES, | Civil No. 05-140 (RHK) |
| | Crim. No. 01-152 (1) (RHK/AJB) |
| Petitioner-Appellant, | |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee. | |

**INTRODUCTION**

In 2002, Petitioner pleaded guilty to unlawful reentry after deportation, and he was sentenced to 96 months in prison. In 2005, Petitioner filed a motion seeking relief under 28 U.S.C. § 2255. (Docket No. 23.) Petitioner's § 2255 motion was denied by this Court's order of July 27, 2005. (Docket No. 31.) On August 15, 2005, Petitioner filed a "Notice of Appeal," which the Clerk of Court construed to be both a notice of appeal and an application for a Certificate of Appealability, ("COA"). (Docket Nos. 32 and 33.) Petitioner has also filed a motion seeking leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 34.) For the reasons discussed below, the Court finds that Petitioner is entitled to proceed IFP, but he is not entitled to a COA.

**DISCUSSION**

A.  IFP Application

Because Petitioner was represented by appointed counsel during his original criminal prosecution, he is automatically entitled to IFP status on appeal, unless the District Court affirmatively certifies otherwise.

Fed. R. App. P. 24(a)(3). Although the Court is satisfied that Petitioner has no meritorious grounds for appeal, the Court is not prepared to say that an appeal could not be taken "in good faith" or that Petitioner is otherwise ineligible for IFP status on appeal. Therefore, Petitioner does not need any further authorization from the Court in order to proceed IFP on appeal. However, to eliminate any possible doubt about the matter, the Court will grant Petitioner's pending motion to proceed in forma pauperis.

    B.  Certificate of Appealability

A federal prisoner is not permitted to appeal a final order in a § 2255 proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'"), quoting Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983).

In this case, Petitioner presumably is seeking appellate review of both of the claims raised in his § 2255 motion – i.e., (i) that the Federal Bureau of Prisons ("BOP") has misinterpreted his sentence and is not giving him proper credit toward his sentence for certain time that he has spent in state custody, and (ii) he should be re-sentenced pursuant to the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).

For the reasons fully explained in the order denying the § 2255 motion, Petitioner is not entitled to any relief on either of his two claims. To the extent that Petitioner is challenging the BOP's execution of his sentence, he cannot seek relief in the trial court under 28 U.S.C. § 2255, but rather, he must seek relief in the district where he is confined, by filing a habeas corpus petition under 28 U.S.C. § 2241. Petitioner's Booker claims are clearly barred by the Eighth Circuit's recent decision in Never Misses A Shot v. United States, 413 F.3d 781, 783(8th Cir. 2005) (per curiam) ("the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings").

The Court finds no reason to believe that Petitioner's § 2255 claims could be decided any differently in any other court -- including the Eighth Circuit Court of Appeals. The Court also finds nothing novel or noteworthy about any of Petitioner's claims that would cause any of them to warrant appellate review. Because Petitioner has not made a substantial showing of the denial of a constitutional right, he will not be granted a COA in this matter.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Petitioner's motion seeking leave to proceed in forma pauperis on appeal, (Docket No. 34), is GRANTED; and

2. Petitioner's request for a Certificate of Appealability in this matter, (Docket No. 32), is DENIED.

Dated: August 19, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge